Filed 06/14/21

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 319-9-20 Wncv

| Ferraro vs. Baker et al |
|---|

# ENTRY REGARDING MOTION

Title:      Motion for Summary Judgment; Cross Motion for Summary Judgment ;  (Motion: 1; 2)
Filer:      Patrick T. Gaudet
Filed Date:      March 18, 2021; May 18, 2021

Cross-Motions for Summary Judgment

This case is an appeal from a disciplinary proceeding against inmate Christopher Ferraro because of contraband found in his cell during a cell search.  Mr. Ferraro and the State each have filed motions for summary judgment.

The facts, which are not in dispute, are as follows:

On July 25, 2020, corrections officers conducted a cell search (shakedown) of Mr. Ferraro's prison cell and found a small piece of wire curled at both ends (paper clip gauge) and a magnet which was holding the wire to a metal surface out of sight.  CO Carlson was asked to respond after the items were found, and he took a statement from Mr. Ferraro concerning the items, which were regarded as "dangerous."  Mr. Ferraro told Mr. Carlson that the wire was somehow to be used for a modified lighter and admitted ownership of the magnet.  Mr. Carlson issued a disciplinary report on the same day charging Mr. Ferraro with violating Major A-07.[1]

---

[1] A07, for possession of items dangerous to institutional security, prohibits: "Possession, manufacture or introduction of any item that constitutes a danger to the order of the facility including, but not limited to, weapons, dangerous instruments, escape tools, or communication devices (e.g., cell phones)."

Entry Regarding Motion                                                                                    Page **1** of **4**
319-9-20 Wncv Ferraro vs. Baker et al

Mr. Carlson notified Mr. Ferraro on July 29 that a hearing would be held the next day. Mr. Ferraro asked for a continuance so he could speak with a hearing assistant. The continuance was at least tacitly granted (no record of the request and result is in evidence but the hearing did not occur as scheduled). The hearing then was held on August 5. The hearing officer found Mr. Ferraro guilty of the alleged violation based on his admissions.

Mr. Ferraro raises three issues on appeal: (1) the hearing was held outside the time frame provided by DOC rule, which amounts to a violation of due process; (2) the DR investigator was a person involved in the event itself, again contravening DOC rule; and (3) the evidence was insufficient to support the disciplinary ruling.

*Analysis*

The disciplinary process is governed by 28 V.S.A. § 851. It is supplemented by DOC Directive 410.01, which fleshes out the procedure and reads in relevant part:

> a. A disciplinary hearing may not be held sooner than 24 hours after the Notice of Hearing is served upon the inmate unless they waive this time period by signing a Notice of Hearing/Waiver of 24 Hour Notice of Hearing (Attachment 3). A disciplinary hearing will be held no later than seven (7) business days from the issuance of the DR, four (4) days if the inmate was moved to segregation. Day one (1) begins at the start of the first full business day after the DR is issued. . . .
>
> b. Continuances . . .
>
> ii. Requested by the inmate:
>
> The inmate may request a continuance for good cause (such as a witness not being available) which may be granted by the Hearing Officer for up to two (2) business days. The Hearing Officer will document the basis for such good cause on the Hearing Report Form.

Here, the hearing was held shortly after the time prescribed by rule. Mr. Ferraro was not being held in segregation pending the hearing. Neither the statute nor the rule includes any penalty to the DOC for having a hearing outside the time frames in the rule. The department does know how to penalize itself in that fashion. See Directive 410.01, Procedural Guidelines § (9)(c) ("Failure to respond to the appeal within thirty (30) calendar days will result in the dismissal of the disciplinary action, and staff will expunge the DR packet from the inmate's file and the database.").

The court acknowledges Mr. Ferraro's point that inmates are often held strictly to various deadlines and standards. Nonetheless, the court does not regard the law to require such reciprocity in the circumstances presented here. The key issue for the court includes prejudice to the inmate because of the failure to timely hold the hearing—no prejudice is alleged or demonstrated to have occurred. Cf. *White v. Baker*, 146-11-20 Cacv (Teachout, J.) (arriving at a different result in materially different circumstances; Mr. White was imprisoned pending a hearing on a furlough violation, which was held to be prejudicial).

In short, as this court has ruled many times with regard to the timing of the hearing under Directive 410.01, the rule is directory rather than mandatory, and an inmate is not entitled to relief for delay so long as it is not unreasonably protracted or prejudicial. See *Hartland Prop. LLC v. Town of Hartland*, 2020 VT 56, ¶ 16 (discussing mandatory and directory timeframes). The extremely short delay in this case was neither protracted nor prejudicial. There is no basis for any relief due to it.

The same consideration applies to the assertion that the DOC rules precluded the involvement of Officer Carlson. No prejudice is asserted. Mr. Ferraro admitted to possession of the wire and magnet. Moreover, it is not clear to the court that Mr. Carlson had any actual direct involvement in the "incident" in any event. He did not perform the shakedown and was not present when the contraband was initially found.

The last issue is the question of sufficiency of the evidence. The law requires this court to affirm the disciplinary ruling if there is any evidence to support it. *King v. Gorczyk*, 2003 VT 34, ¶ 7, 175 Vt. 220. The hearing officer found dangerousness. However, the decision lacks any explanation as to how the items found could be dangerous to the security of the institution. The court is aware that Mr. Ferraro stated that he intended to use the wire to make a "lighter," and a lighter may well be sufficiently dangerous. Perhaps it is obvious to the hearing officer and others in the DOC as to how one can fashion a lighter out of a small wire and magnet. However, there was no lighter, and it is not apparent to the court how Mr. Ferraro could have done this. Mr. Ferraro might as well have said he was going to build a lightsaber from the parts found. The decision needed to have some explanation as to how this was possible, without which it is simply too vague for the court to reliably review.

The court remands the decision to the DOC for further findings and explication as to how the items found are dangerous to institutional security, which is a very serious offense.

Order

Both motions for summary judgment are granted in part and denied in part. This case is remanded for further findings as set forth above. Alternatively, the DOC may choose to vacate and expunge the DR.

Robert R. Bent,
Judge